IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,

v.

MURILLO GOMEZ ELEUTERIO,
RANDAR VASQUEZ MUNOZ, and
MAINOR SALAZAR MONTERO

Defendants.

CASE NO. 2020-mj- 84

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Christopher Scott of the United States Drug Enforcement Administration (DEA), being duly sworn, hereby declare as follows:

### I. INTRODUCTION

1. I am a Special Agent of DEA and have been so employed since 1997. As an officer of the Drug Enforcement Administration within the meaning of Title 21, United States Code, Section 878(a), I am empowered to conduct criminal investigations, arrests, searches, seizures, and any other law enforcement duties in furtherance of enforcing Title 21, United States Code. I am currently assigned to the Caribbean Division, St. Thomas Resident Office. I graduated DEA Academy in Quantico, Virginia in 1998.

2. In 1998, my first position out of the DEA Academy was in the New York Division, White Plains, New York office, where I was assigned to the Mobile Enforcement Team (MET). MET was responsible for traveling throughout the State of New York to assist local Law Enforcement in combating problems of drug-related violent crime that plagues neighborhoods and communities throughout the United States.

3. In 2002, I was reassigned to the New York Divisions "REDRUM" group. This group specialized in drug related murders, home invasion groups, and drug "rip off" groups.

4. In 2005, I was reassigned to the Detroit Field Division, Lansing Post of Duty. I oversaw this office and within this position I was responsible to work with local law enforcement in combating the growing narcotics trade along with being the Coordinator for the Domestic Cannabis Eradication/Suppression Program (DEC/SP) within the State of Michigan. My duties included coordinating Marijuana eradication efforts with all Law Enforcement Agencies within the State of Michigan, funding for local law enforcement, helping track domestic marijuana statistics, coordinating flight with Michigan State Police (MSP), Civil Air Patrol (CAP), US Army, and US Coast Guard, organizing indoor and outdoor Marijuana schools, and outside training for

*United States v. Murillo Gomez Eleuterio, et al.*
Affidavit in Support of Criminal Complaint
Page 2

local/state law enforcement.

5.   During the course of my law enforcement career, I have organized and conducted hundreds of complex cases. I have testified in federal grand jury proceedings, made arrests, conducted search warrants, been part of a trial team, interviewed defendants, and participated in an undercover capacity.

6.   I have been involved in investigations of numerous criminal offenses, including those offenses related to this current investigation. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances, the related laundering of monetary instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics offenses, in violation of 21, U.S.C., §§ 841(a)(1) and 846.

7.   This Affidavit is submitted for the limited purposes of establishing probable cause in support of the Criminal Complaint against the three named individuals above, for violations of The Maritime Drug Law Enforcement Act (MDLEA), codified at 46 U.S.C. Sections 70501-08, which prohibits controlled substance crimes on vessels subject to the jurisdiction of the United States.

8.   This Affidavit does not contain all of the details of this investigation.

9.   The facts set forth below are based on my personal knowledge and information received from other law enforcement officers who are familiar with the facts and circumstances of this investigation.

## II.   PROBABLE CAUSE

10.   On or about November 26, 2020, while on routine patrol in the Eastern Pacific, United States Coast Guard Cutter James intercepted a vessel after it was sighted approximately one hundred fifteen (115) nautical miles off the coast of Isla De Malpelo, Colombia.

11.   The small vessel was in international waters, transiting in a known drug trafficking vector, and displaying no indicia of nationality; there was no flag being flown, no registration documents, and no markings on the hull of the vessel. The vessel was determined to be one without nationality, thus subject to the jurisdiction of the United States.

12.   Fuel barrels were visible on the deck of the vessel, as well as packages consistent with contraband located forward of the fuel barrels.

*United States v. Murillo Gomez Eleuterio, et al.*
Affidavit in Support of Criminal Complaint
Page 3

13.     Three people were on board the vessel; 1) Murillo Gomez Eleuterio, of Colombia; 2) Mainor Salazar Montero, of Costa Rica; and 3) Randar Vasquez Muñoz, of Costa Rica. Murillo Gomez Eleuterio claimed to be the master of the vessel, but made no claim of nationality.

14.     Eleven bales, an at-sea-weight of 383 kilograms, were located on board the vessel. A presumptive NIK test was conducted on the bales, which yielded a positive reaction for the presence of cocaine.

15.     Based on the foregoing facts, I respectfully submit that sufficient probable cause exists to charge defendants Murillo Gomez Eleuterio, Mainor Salazar Montero, and Randar Vasquez Muñoz, with possession of a controlled substance on board a vessel subject to the United States in violation of 46 U.S.C., §§70502(c)(1)(A), 70503(a)(1), 70504(b)(2), and 70506(a) & (b).

**I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

Dated: December 4, 2020

_____
Christopher Scott, Special Agent
Drug Enforcement Administration


SUBSCRIBED AND SWORN to before me on this 4th day of December, 2020, at 1:00 a.m./p.m.

_____
**HONORABLE RUTH MILLER**
**United States Magistrate Judge**